UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PIONEERRX, LLC

VERSUS

DANWINS, LLC, ET AL

CIVIL ACTION NO. 21-cv-1738

CHIEF JUDGE HICKS

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

PioneerRx, LLC ("Plaintiff") filed this action against two former customers—Danwins, LLC and Spencerport Family Apothecary, LLC—and a competitor known as DRX Software, LLC (collectively, "Defendants").  Plaintiff alleges that Defendants violated state and federal laws regarding trade secrets, unfair trade practices, and breach of contract.

Plaintiff's complaint was accompanied by Appendix A, which is a 1,210-page user manual that is provided to its pharmacy customers.  Appendix B consists of two pages that set forth five comparisons between features of Plaintiff's software and the competing product offered by DRX.  Plaintiff filed with its complaint a motion to seal the two appendices on the grounds that they disclosed confidential information that Plaintiff considers trade secrets.  The court granted the request and sealed the appendices.  Docs. 2, 6 & 7.

Defendants have since been served and appeared in the case, and they now present a **Motion to Unseal Appendix A and Appendix B (Doc. 15)**.  Defendants ask, in the

alternative to unsealing, that Defendants and their counsel should be allowed to view Appendix A and Appendix B.

Plaintiff argues that the better course is to keep the materials under seal and enter a protective order that allows the parties to designate highly sensitive material as "Attorneys' Eyes Only" and then allow the non-designating party the opportunity to challenge that classification.  To that end, Plaintiff has filed a **Motion for Protective Order (Doc. 25)** seeking entry of a two-tier protective order that allows trade secrets to be designated "Attorneys' Eyes Only."  For the reasons that follow, the Motion to Unseal is **denied** and the Motion for Protective Order is **denied as moot**.

**Background Facts**

Plaintiff alleges that it is a leading provider of software systems that help independent pharmacies manage their workflow, provide better service, and save costs.  It claims to have invested decades and millions of dollars into research and development to provide the market's leading pharmacy software systems.

Plaintiff's pharmacy customers must pay a monthly fee and enter into a System Agreement to obtain a software license.  The System Agreement requires customers to keep confidential Plaintiff's technical and business information that they learn through access to the software system and related products.  Defendants Danwins and Spencerport are former customers that used the software for several years.  Plaintiff alleges that they engaged in an illicit scheme to violate the terms of their Service Agreement and steal Plaintiff's trade secrets for the purpose of selling a competing pharmacy software system. That product is offered by defendant DRX.

Plaintiff offers an affidavit from Paul Carrig, Vice President of Information Technology at PioneerRx, LLC.  Doc. 24-1.  He testifies that Appendix A is a PDF printout of a user guide that is accessed only from a help menu inside of Plaintiff's pharmacy software.  The user guide provides information about the function, implementation, setup, and internal structure of the software.  It provides workflow steps contained within the software and suggests processes to adopt in a pharmacy.  The user guide also contains screenshots of various user interfaces that aid in carrying out the pharmacy operations.  Carrig describes Appendix B as a chart that contains a comparison between selected parts of Plaintiff's software user interface and parts of DRX's user interface, highlighting similarities between the two.

Carrig characterizes the information in the appendices as examples of Plaintiff's trade secrets that are important to the success of its software.  He expresses concern that Plaintiff will lose some advantages of having its own proprietary software if a competitor can copy the aspects of Plaintiff's software that are contained in the appendices.  He states that customers who obtain access to the user manual or the software must enter into the System Agreement that includes confidentiality provisions and restrictions on the actions of customers who gain access to the product.  He contends that the user guide and the screenshots of the user interface are included within the definition of "software" in the restrictions placed by the System Agreement.

Defendants argue that the information found in the appendices is not subject to the System Agreement.  They note that nothing in the appendices qualifies as source code, and the material in them is readily viewable by any ordinary user or passerby.  They point to

Page **3** of **6**

newsletters issued by Plaintiff that include screenshots of the software.  Dan Safee, one of the owners of Danwins and DRX, testifies by affidavit that he was never told by Plaintiff that screenshots of its software, such as those contained in the newsletters, were confidential information.  He states that he was also never advised by Plaintiff that it considered its user manual to be confidential information.  Defendants note that Danwins and Spencerport were legitimate customers of Plaintiff for over five years, during which time they used the software and had full access to the user manual.  They argue that, even if the court were to maintain the appendices under seal, there is no basis to preclude Defendants from seeing what they have already seen.

**Analysis**

Judicial records are public records, and the default expectation is that they are available to the public.  With respect to documents that are filed in the record, the court should apply a strict balancing test with a presumption that judicial records should not be sealed.  Binh Hoa Le v. Exeter Finance Corporation, 990 F.3d 410, 419 (5th Cir. 2021).  "[E]ven under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants."  Id.

Litigants have no incentive to protect the public's right of access, so judges must undertake a case-by-case, document-by-document, line-by-line balancing of the public's right of access against the interests favoring nondisclosure.  Id.  If the court seals a document, it must explain the decision in a level of detail that allows the appellate court to review the decision.  Id.  When making the assessment, the court must keep in mind that

the presumption of openness "can be rebutted only by compelling countervailing interests favoring nondisclosure." Id. at 421.

There is a presumption in favor of openness, but a relevant countervailing factor is that protection of trade secrets is a legitimate exception that is recognized by the courts. There is a motion to dismiss pending before Chief Judge Hicks that puts at issue whether some of these materials are in fact trade secrets. The undersigned will consider Plaintiff's concerns in that regard but will not make a decision on issues that might interfere with the litigation of the motion to dismiss. Another relevant factor is that the public's interest in the materials at issue is likely not significant. It is a dispute between private businesses that has nothing to do with public policy, government officials, or social or environmental issues of community concern. To the extent the public is interested in the material in the appendices, the two items are generally described in various memoranda and motions (and this order) in the record that are not sealed.

Despite the presumption that judicial records should be open and the instruction in Binh Hoa Le that courts should be "ungenerous" with their discretion to seal judicial records, the undersigned finds that the factors discussed above warrant the exercise of the court's discretion at this stage of the litigation to maintain the appendices under seal. This decision is subject to being revisited as the litigation progresses and the nature of the materials, when measured against the applicable trade secrets laws, is better understood. The court does not find, however, that Plaintiff has made an adequate showing to prevent Defendants and their attorneys from viewing the documents. Two of the defendants, and a principal in the third, had full access to the materials for several years before this litigation

was filed.  The competing product is already developed and on the market, so any additional access to the materials by Defendants at this stage is less likely to have harmful effects.  Accordingly, Defendants' Motion to Unseal Appendix A and Appendix B (Doc. 15) is denied.  The alternative request to allow Defendants and their attorneys to view Appendix A and Appendix B solely for the purposes of this litigation is granted.  The parties are directed to promptly submit a *joint* Protective Order to the court that accomplishes these objectives.  Plaintiff's Motion for Protective Order (Doc. 25) is denied as moot.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of September, 2021.

Mark L. Hornsby
U.S. Magistrate Judge