# THIN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| PIONEERRX, LLC. | CIVIL ACTION NO.: 5:21-cv-01738 |
| Plaintiff | |
| | CHIEF JUDGE S. MAURICE HICKS, JR. |
| v. | |
| DANWINS, LLC, SPENCERPORT FAMILY APOTHECARY, LLC, AND DRX SOFTWARE, LLC | MAGISTRATE JUDGE MARK L. HORNSBY |
| Defendants | JURY TRIAL DEMAND |

**PIONEERRX'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
COMPLIANCE WITH THE COURT'S ORDER (DKT. 204)**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................1

II. FACTUAL BACKGROUND...................................................................................2

    A. The Court Ordered DRX to Produce Source Code in Response to RFP No. 24 and Denied Defendants' Motions to Stay .............................................................2

    B. DRX Refused to Comply with the Court's Order................................................3

III. ARGUMENT............................................................................................................4

    A. Defendants Should Be Ordered (Again) to Produce DRX's Source Code..........4

    B. To Incentivize Compliance, The Court May Issue Further Just Orders ...............6

IV. CONCLUSION.........................................................................................................7

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Blessey Marine Servs., Inc. v. Jeffboat, LLC*,
   No. CIV.A. 10-1863, 2011 WL 3349844 (E.D. La. Aug. 3, 2011) ............................................5

*G.K. v. D.M.*,
   No. CV 21-2242, 2023 WL 2316213 (E.D. La. Jan. 25, 2023) ....................................1, 5, 6, 7

*In re Grand Jury Subpoena*,
   220 F.3d 406 (5th Cir. 2000) ....................................................................................................7

*Maness v. Meyers*,
   419 U.S. 458 (1975) ..............................................................................................................1, 5

*Newball v. Offshore Logistics Int'l*,
   803 F.2d 821 (5th Cir. 1986) ....................................................................................................5

*Terra Partners v. Rabo AgriFinance, Inc.*,
   No. 2:08-CV-0194, 2009 WL 10689607 (N.D. Tex. Nov. 13, 2009) ...................................1, 5

*United States v. Fluitt*,
   No. 22-30316, 2022 WL 3098734 (5th Cir. Aug. 4, 2022) .......................................................5

**Rules**

Fed. R. Civ. P. 37(b)(2)(A) ...............................................................................................2, 4, 7

I.  **INTRODUCTION**

Your Honor ordered Defendant DRX Software, LLC ("DRX") to produce DRX's source code in response to PioneerRx's Request for Production ("RFP") No. 24. Dkt. 204 at 3. But despite PioneerRx's repeated attempts to obtain DRX's compliance, including several correspondences and two meet and confers, DRX has not produced *any* source code, and DRX's counsel recently confirmed "DRX does not want me to respond any further to . . . RPD [sic] 24." Ex. 1 (5/23/2024 R. Kennedy email). DRX's reasoning—that it has filed an appeal to the District Judge with respect to RFP No. 24—is legally irrelevant. Judge Hicks referred this case to Your Honor for discovery supervision, and Your Honor's orders pursuant to this referral are orders of the Court with which Defendants must comply. And it is well settled that appealing a Magistrate Judge's discovery order does not automatically stay such order. *Terra Partners v. Rabo AgriFinance, Inc.*, No. 2:08-CV-0194, 2009 WL 10689607, at *3 (N.D. Tex. Nov. 13, 2009) ("Neither the filing of objections nor the notice of appeal exempted plaintiff from complying with the order. . . . Even though plaintiff filed an unsuccessful motion for stay [of the Magistrate Judge's order] on the day of the deadline, it was still obligated to comply with the order.") (citing *Maness v. Meyers*, 419 U.S. 458, 459 (1975)); *G.K. v. D.M.*, No. CV 21-2242, 2023 WL 2316213, at *4 (E.D. La. Jan. 25, 2023), *report and recommendation adopted*, No. CV 21-2242, 2023 WL 2302993 (E.D. La. Mar. 1, 2023) ("Courts regularly recognize that a magistrate judge's order regarding a nondispositive matter is not automatically stayed upon the filing of an objection."). Instead, the objecting party must establish that a stay of the ***order*** is appropriate—a step that DRX failed to take prior to the deadline for compliance with the order. DRX suggested on the meet and confer that it may now try to seek a stay—after the compliance deadline has long passed. But this Court already rejected multiple of Defendants' motions to stay (*see* Dkt. 204 at 8 (denying two motions to stay, Dkts. 107 and 114)), and nothing has changed, Defendants are merely repeating the same rejected arguments.

DRX's continuing refusal to produce its source code based on already-rejected positions is highly prejudicial to PioneerRx, as it delays PioneerRx's ability to advance discovery while DRX

continues to sell software developed using PioneerRx's trade secrets, taking sales from PioneerRx and otherwise causing irreparable harm. As DRX confirmed it will not comply with Your Honor's Order, PioneerRx seeks an Order compelling DRX to comply with Your Honor's Order and produce all versions of its source code in response to RFP No. 24 within seven days of a ruling on this motion, and to provide a sworn verification that the production is complete. PioneerRx additionally requests the Court "issue further just orders" to the extent the Court deems such necessary to ensure compliance. Fed. R. Civ. P. 37(b)(2)(A).

## II. FACTUAL BACKGROUND

### A. The Court Ordered DRX to Produce Source Code in Response to RFP No. 24 and Denied Defendants' Motions to Stay

PioneerRx served its First Set of Requests for Production on December 17, 2021, requesting production of "[a]ll Source Code and Related documentation Concerning the implementation or use of DRX software or products." Ex. 2 (12/17/2021 PioneerRx's First Set of RFPs (Nos. 1–40)) at 15.

DRX failed to produce any source code or related documentation, so on April 26, 2023, following a stay of discovery to discuss settlement, PioneerRx filed a motion seeking an Order compelling DRX to produce its source code for the DRX software program in response to RFP No. 24, among other requests. Dkt. 71-1 at 19.

On June 22, 2023, Defendants filed a motion to stay, arguing that "DRX should not have to produce all of its source code to PioneerRx (DRX's competitor) for review and inspection[.]" Dkt. 107-1 at 5. On June 30, 2023, Defendants filed another motion to stay arguing that "the Court should stay all discovery in this matter until the Court rules on the pending motions to compel (Doc. 71, Doc. 94, Doc. 99 & Doc. 103) and Defendants' motion for summary judgment (Doc. 112)." Dkt. 114-1 at 4.

On February 14, 2024, the Court granted PioneerRx's motion to compel source code in response to RFP No. 24 and ordered Defendants to provide DRX's source code by March 14, 2024. Dkt. 204 at 3, 8. The Court denied Defendants' motions to stay discovery. *Id.* at 8 ("The Motions

2

to Stay Discovery (Docs. 107 and 114) are denied.").

On February 28, 2024, Defendants appealed Your Honor's Order. Dkts. 205, 205-1 at 3. Defendants did not move concurrently to stay Your Honor's Order or to extend the March 14, 2024 deadline, including with respect to RFP No. 24.

### B. DRX Refused to Comply with the Court's Order

DRX served a supplemental response to PioneerRx's RFP No. 24 on March 14, 2024. Instead of producing the source code, DRX supplemented its response to RFP No. 24 to state "**[d]ocuments responsive to this request** for production of documents **are currently being *knowingly withheld*** pending Defendants' appeal of the Magistrate Judge's Memorandum Order." Ex. 3 (DRX's 3/14/2024 RFP Response) at 21 (emphasis added). In other words, even though the Court denied Defendants' request for a stay and ordered production of the source code, Defendants granted themselves a stay anyway.

PioneerRx attempted to obtain DRX's compliance with the Order without the need for further Court intervention. On April 17, 2024, PioneerRx wrote to Defendants regarding multiple deficiencies in Defendants' March 14, 2024 supplementation of RFPs and Interrogatories, including RFP No. 24, and explained that DRX's refusal to produce DRX's source code in response to RFP No. 24 is highly prejudicial to PioneerRx. Ex. 4 (4/17/2024 G. Cutri Ltr. to R. Kennedy) at 7–8. PioneerRx set forth several cases confirming that "[a]n appeal of an order does not have the affect of an automatic stay," and requested Defendants' response on April 23, 2024. *Id.* at 1, 7–8. Defendants failed to acknowledge the letter, so on April 24, 2024, PioneerRx emailed Defendants again to request a response. Ex. 5 (5/16/2024 Email Chain) at 6–7. On April 25, 2024, Defendants informed PioneerRx they would respond to the letter "in the next day or two." *Id.* at 7. But Defendants did not do so, and PioneerRx followed up a third time on May 1, 2024. *Id.* at 5–6. On May 2, 2024, Defendants responded, indicating they were not available to meet and confer until May 10, 2024 because Defendants' counsel had a trial conflict. *Id.* at 5. Defendants' response made no effort to distinguish PioneerRx's caselaw confirming that Defendants' obligations are not stayed. *Id.* Instead, Defendants stated only that "[t]he ruling by Magistrate

3

Judge Hornsby regarding this request for production of documents is the subject of an appeal of Magistrate Judge Hornsby's February 14, 2024 Memorandum Order." *Id.* at 2.

The parties met and conferred on May 10, 2024, and Defendants did not provide any support for their position on RFP No. 24. PioneerRx followed up on May 16 2024, and identified additional supporting case law and requested, again, that DRX comply with Your Honor's Order to produce DRX's source code. Ex. 5 (5/16/2024 Email Chain) at 1–2. The parties met and conferred by phone again on May 22, 2024. During that call, DRX's counsel acknowledged the Court's order and again failed to distinguish PioneerRx's caselaw. Nor did DRX's counsel offer any caselaw support for its refusal to comply with the Court's order. Instead, DRX's counsel stated that until the Court ordered DRX to produce the source code, DRX would not do so. When PioneerRx pointed out that the Court had already done so and had likewise rejected DRX's request for a stay, DRX's counsel stated that DRX would nonetheless not comply and that PioneerRx would have to file a motion. DRX's counsel also suggested that DRX might in response to any motion filed by PioneerRx, file another motion to stay, but acknowledged that DRX had already missed the 14-day deadline to challenge the Magistrate's order.

## III. ARGUMENT

The Court should order DRX to (i) comply with the Court's Order and produce its source code in response to RFP No. 24 within seven days of the Court's Order on this Motion, and (ii) include a sworn verification that all versions of the source code for the DRX software have been produced. To the extent the Court deems it necessary, PioneerRx requests that the Court issue further just orders to ensure compliance with the new deadline. *See* Fed. R. Civ. P. 37(b)(2)(A) (authorizing the Court to "issue further just orders").

### A. Defendants Should Be Ordered (Again) to Produce DRX's Source Code

Defendants already failed in their efforts to stay discovery. And they likewise never moved to stay Your Honor's Order pending their appeal, and the deadline for compliance has come and gone. Instead, even though there is no legal basis to do so, Defendants have simply disregarded the Court's order to produce DRX's source code in response to RFP No. 24. In other words,

4

Defendants have granted themselves the very stay this Court has already ruled they cannot have.

DRX's only stated ground for ignoring Your Honor's Order is that Defendants appealed the ruling on RFP No. 24 to the District Judge. But the caselaw is clear that doing so does not stay the Court's order here. Critically, Defendants ***did not*** move to stay Your Honor's Order pending appeal.[1] It is hornbook law that "[a]n appeal of an order does not have the affect of an automatic stay." *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 827 (5th Cir. 1986); *see United States v. Fluitt*, No. 22-30316, 2022 WL 3098734, at \*1–\*2 (5th Cir. Aug. 4, 2022) (denying motion to stay magistrate judge's grant of motion to compel pending appeal). Courts in this Circuit have thus rejected the argument that filing an appeal challenging a Magistrate Judge's discovery order stays that order automatically—the very argument DRX advances here. *See, e.g.*, *Terra Partners v. Rabo AgriFinance, Inc.*, No. 2:08-CV-0194, 2009 WL 10689607, at \*3 (N.D. Tex. Nov. 13, 2009) ("Neither the filing of objections nor the notice of appeal exempted plaintiff from complying with the order.") Indeed, even if Defendants had filed a motion to stay Your Honor's order, that would still not remove the obligation to comply with that order. *Id.* ("Even though plaintiff filed an unsuccessful motion for stay [of the Magistrate Judge's order] on the day of the deadline, it was still obligated to comply with the order.") (citing *Maness* at 449–59). As the Court in *G.K.* explained, "to the extent Defendant assumed that the filing of a motion to review or objection to discovery order operated as an automatic stay of that order, that assumption is grossly mistaken. Courts regularly recognize that a magistrate judge's order regarding a nondispositive matter is not automatically stayed upon the filing of an objection." 2023 WL 2316213 at \*4. The court in *Blessey Marine Servs., Inc. v. Jeffboat, LLC*, No. CIV.A. 10-1863, 2011 WL 3349844, at \*4 (E.D. La. Aug. 3, 2011) confirmed as much: "Defendant has thus assumed that the filing of a motion seeking review of a magistrate judge's discovery order operates as an automatic stay of the order.

---

[1] Defendants' appeal to Judge Hornsby's order (Dkts. 205, 205-1) does not request a stay of Your Honor's Order pending Defendants' appeal, nor did Defendants separately move for a stay pending appeal. Defendants do appeal Judge Hornsby's denial of their stay request, but that does not operate to stay Your Honor's order. *See* Dkt. 205-1 at 3.

This assumption is erroneous."

There are "two basic reasons for this rule" that a magistrate judge's discovery order is not stayed pending appeal: "(1) under § 636(b)(1), a magistrate judge has the power to 'determine' discovery matters, not merely make 'proposed findings and recommendations,' and an automatic stay upon objection to a discovery order 'would essentially reduce the magistrate's order to the status of a recommendation'; and (2) the notion that the filing of an objection operates as an automatic stay of a magistrate judge's order may provide losing parties with 'an artificial incentive to object' and encourage parties to 'use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial.'" *G.K. v. D.M.*, 2023 WL 2316213 at \*4. Both are applicable here. Defendants filed an objection and are now attempting to leverage that filing in a manner that reduces Your Honor's Order to a mere recommendation and delays discovery, without any identified legal support for doing so. The Court should not countenance that violation.

PioneerRx identified these cases to DRX before filing this Motion. Ex. 5 (5/16/2024 Email Chain) at 1–2. PioneerRx further asked DRX for its position on the cases and whether any case law supported DRX's plainly incorrect position. *Id.* DRX provided no substantive response and no cases. To the contrary, on one of the parties' meet and confers, Defendants stated "you may be right on the appeal issue, we'll let the Magistrate resolve it." Thereafter, DRX confirmed it would not provide any further response to RFP No. 24. Ex. 1 (5/23/2024 R. Kennedy email) ("I will advise you that DRX does not want me to respond any further to Int. Nos. 2 & 3, or RPD [sic] 24.").

PioneerRx requests that the Court order DRX (i) to comply with the Court's Order and produce its source code in response to RFP No. 24 within seven days of the Court's Order on this Motion, and (ii) to include with the production of the source code a sworn verification that all versions of the source code for the DRX software have been produced.

**B.     To Incentivize Compliance, The Court May Issue Further Just Orders**

PioneerRx is hopeful that a second order from Your Honor will be sufficient to ensure

6

production of DRX's source code. However, because DRX disregarded the first order without any legal justification, if the Court deems it necessary, Rule 37(b)(2)(A) authorizes the Court to issue any "further just orders." *See, e.g.*, *In re Grand Jury Subpoena*, 220 F.3d 406, 408 (5th Cir. 2000) ("impos[ing] a fine of $200,000 per day" on corporation for failure to produce documents); *G.K.*, 2023 WL 2316213 at *4, *9 ("recommend[ing] that the District Judge impose a daily fine of $500 against Defendant to coerce compliance with this Court's August 5, 2022 Order"); *G.K.*, 2023 WL 2302993 (District Judge ordering that "should Defendant fail to comply with the August 5, 2022 Order on or before March 15, 2023, Defendant is ordered to pay $500 per day into the registry of the Court on a daily basis until compliance").

### IV. CONCLUSION

PioneerRx respectfully requests this Court to issue an Order that DRX (1) produce its source code within seven days, and provide a sworn verification with that production that all versions of the source code have been produced, and, to the extent the Court deems such necessary, (2) issue any further just orders to ensure compliance.

Dated: June 3, 2024

*/s/ Scott L. Zimmer*
Scott L. Zimmer (La. Bar. No. 26151)
KEAN MILLER LLP
333 Texas Street Suite 450
Shreveport, LA 71101
Tel: (318) 562-2700
Fax: (318) 562-2751
scott.zimmer@keanmiller.com

James R. Chastain Jr. (La. Bar No. 19518)
KEAN MILLER LLP
400 Convention Street, Suite 700
Baton Rouge, LA 70802
Tel: (225) 387-0999
Fax: (225) 388-9133
sonny.chastain@keanmiller.com

Michael W. De Vries *(pro hac vice)*
Justin Singh (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 S. Flower St.
Los Angeles, CA 90071
Tel: (213) 680-8400

7

Fax: (213) 680-8500
michael.devries@kirkland.com
justin.singh@kirkland.com

Adam R. Alper *(pro hac vice)*
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400
Fax: (415) 439-1500
aalper@kirkland.com

Gianni Cutri *(pro hac vice)*
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
gianni.cutri@kirkland.com

***ATTORNEYS FOR PIONEERRX, LLC***

8

## **RULE 37.1 CERTIFICATE OF CONFERENCE**

I, the undersigned attorney, certify to the court as follows:

Counsel for PioneerRx and Counsel for Defendants personally conducted conferences on May 10 and 24, 2024. At these conferences, there were substantive discussions of every item presented to the court in this motion and, despite their best efforts, counsel for the parties were unable to resolve the matters presented. Defendants confirmed the parties are at an impasse.

Dated: June 3, 2024

*/s/ Gianni L. Cutri*
Gianni L. Cutri (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-3372
Fax: (312) 862-2200
gianni.cutri@kirkland.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: June 3, 2024                        */s/ Scott L. Zimmer*
                                                       Scott L. Zimmer (La. Bar. No. 26151)
                                                       KEAN MILLER LLP
                                                       333 Texas Street Suite 450
                                                       Shreveport, LA 71101
                                                       Tel: (318) 562-2700
                                                       Fax: (318) 562-2751
                                                       scott.zimmer@keanmiller.com

                                                       James R. Chastain, Jr. (La. Bar No. 19518)
                                                       KEAN MILLER LLP
                                                       400 Convention Street, Suite 700
                                                       Baton Rouge, LA 70802
                                                       Tel: (225) 387-0999
                                                       Fax: (225) 388-9133
                                                       sonny.chastain@keanmiller.com